UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
AMERICAN POSTAL WORKERS UNION,     )
AFL-CIO                            )
1300 L Street, N.W.                )
Washington, D.C.  20005,           )
                                   )
                                   )
            Plaintiff,             )
                                   )
      v.                           )  Civil Action No.
                                   )
UNITED STATES POSTAL SERVICE,      )
475 L'Enfant Plaza, S.W.           )
Washington, D.C.  20260,           )
                                   )
            Defendant.             )
_____)
```

## COMPLAINT

1. This is an action for breach of a collective bargaining agreement brought under the Postal Reorganization Act, 39 U.S.C. § 1208 (b), by the American Postal Workers Union, AFL-CIO ("APWU"), against the United States Postal Service ("Postal Service"), over the Postal Service's failure to comply with a final and binding arbitration award.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under the Postal Reorganization Act, 39 U.S.C. §§ 409 and 1208, and under 28 U.S.C. §§ 1331 and 1337.

3. Venue properly lies in this court pursuant to 39 U.S.C. § 1208 and 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff APWU is an unincorporated labor organization with headquarters at 1300 L Street, N.W., Washington, D.C. 20005.

5.  Defendant Postal Service is an independent establishment of the executive branch of the United States government created by 39 U.S.C. § 201.  Postal Service headquarters are located at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

## FACTUAL ALLEGATIONS

6.  At all material times, the APWU and the Postal Service have been parties to a collective bargaining agreement ("the National Agreement") that set forth the terms and conditions of employment of employees in bargaining units represented by the APWU at Postal Service facilities throughout the United States.

7.  The National Agreement provides for final and binding arbitration of unresolved grievances.

8.  In accordance with the National Agreement, the APWU filed a timely grievance challenging the January 15, 2005, termination of Christopher Broderick, a full time regular ("FTR") window clerk at the Smithtown New York Post Office.  The parties were unable to resolve the grievance at the various steps of the grievance procedure and the matter proceeded to an arbitration hearing before arbitrator Harry R. Gudenberg on June 8 and August 26, 2005.

9.  On September 12, 2005, Arbitrator Gudenberg issued an award sustaining the grievance in Case No. A00C-4A-D05055036 challenging the termination of Christopher Broderick.  The award provided:

> For the reasons detailed in the full decision, the grievant is to be reinstated with back pay, less any other compensation received, from January 15, through implementation of this decision.  However, he is not to be reinstated as a window clerk.  The Service and the Union, together with the grievant, are to find placement for him as a distribution clerk or such other position that does not handle cash transactions as they may determine.

      Jurisdiction will be retained in the event the parties request assistance in the implementation of this decision.

10. Instead of returning Mr. Broderick to the Smithtown Post Office, where he had formerly worked, following the issuance of Arbitrator Gudenberg's award, the Postal Service assigned Mr. Broderick to a different facility as a part-time flexible ("PTF") employee.

11. The differences between FTR and PTF employees of the Postal Service include the following:

    (a)    PTF employees do not have the rights of FTR employees to bid for preferred assignments;

    (b)    PTF employees do not receive holiday leave pay and are generally required to work on holidays before FTR employees are required to do so;

    (c)    FTR employees get first choice on vacations and other matters before PTF employees;

    (d)    Although vacation time is advanced to FTR employees so that they may schedule leave before it is accrued, PTF employees must earn vacation time before scheduling or using vacation leave;

    (e)    Although FTR employees are guaranteed eight hours of work per day, overtime on the sixth day, and penalty overtime on the seventh day, PTF employees may have as few as two or four work hours per two week pay period and may be required to work up to sixty hours per week; and

    (f)    Although FTR employees may assume a certain degree of regularity of their schedule, PTF employees have no assumption of regularity to their schedules.

12. The Union did not accept the Postal Service's reassignment of Mr. Broderick as compliance with Arbitrator Gudenberg's award.

13. On July 17, 2006, the parties again appeared before Arbitrator Gudenberg, under his retained jurisdiction, to resolve their differences over compliance with Arbitrator Gudenberg's September 12, 2005, award in Case No. A00C-4A-D05055036.

14. On July 24, 2006, Arbitrator Gudenberg issued a supplemental award in Case No. A00C-4A-D05055036 that provided that:

> The grievant is to be returned to work at the Smithtown postal facility as a distribution clerk and is entitled to back pay and seniority credit for the reasons more fully discussed in the complete decision.

15. As of the date of this Complaint, the Postal Service has failed and refused to return Mr. Broderick to work at the Smithtown postal facility as a distribution clerk; has failed to issue him any back pay; and has failed to restore his seniority credit.

16. As of the date of this Complaint, the Postal Service has failed and refused to comply with Arbitrator Gudenberg's September 12, 2005, award, as clarified by his July 24, 2006, supplemental award.

17. By failing and refusing to comply with the awards described in paragraphs 9 and 14, the Postal Service has violated and continues to violate the National Agreement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff APWU asks this Court to issue a decision and order:

(1) Enforcing and directing the Postal Service to comply with the awards described in paragraphs 8 and 12.

(2) Requiring the Postal Service to return Christopher Broderick to work at the

4

Smithtown postal facility as a distribution clerk; to pay him back pay, less any other compensation received, from January 15, 2005, until such date as the awards are fully implemented; and to restore Mr. Broderick's seniority credit;

      (3)      Directing the Postal Service to pay in full the APWU's attorneys' fees and costs; and

      (4)      Granting the APWU such other and further legal and equitable relief as the Court deems just and proper.

                                    Respectfully submitted,

                                    O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Date:   January 26, 2006                 By:   _____
                                                Brenda C. Zwack (DC Bar No. 482673)
                                                bzwack@odsalaw.com
                                                Lee W. Jackson (DC Bar No. 436010)
                                                ljackson@odsalaw.com
                                                1300 L Street, N.W., Suite 1200
                                                Washington, D.C. 20005
                                                (202) 898-1707/ fax: (202) 682-9276

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
American Postal Workers Union, AFL-CIO

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brenda C. Zwack
Lee W. Jackson
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street, NW, Suite 1200
Washington, DC 20005
(202) 898-1707

## DEFENDANTS
United States Postal Service

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER 1:07CV00178
JUDGE: Rosemary M. Collyer
DECK TYPE: Labor/ERISA (non-employme
DATE STAMP: 01/26/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Suit to enforce an arbitration award under the Postal Reorganization Act, 39 U.S.C. 1208 (b).

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ Injunctive   Check YES only if demanded in complaint   JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐  NO ☒   If yes, please complete related case form.

DATE Jan. 26, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.