IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 07-0178 (RMC) |
| UNITED STATES POSTAL SERVICE, ) ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the United States Postal Service ("the Postal Service") hereby submits its reply brief in further support of its motion for dismissal, and its opposition to plaintiff's motion for summary judgment. Dismissal is required in this case because plaintiff has received all of the relief that it is legally entitled to receive. Thus, this Court lacks jurisdiction to adjudicate plaintiff's claims and plaintiff is not entitled to the summary judgment it seeks.[1]

Plaintiff's brief implicitly concedes that it has already been afforded most of the relief it sought in its complaint. Specifically, to the extent that plaintiff sought reinstatement of Mr. Broderick to a position at the Smithtown facility (Complaint at 4) and the restoration of Mr. Broderick's seniority credit (id. at 5), these actions have already been taken, and plaintiff does not contend otherwise. Thus, the sole issue remaining for resolution by this Court is whether or not Mr. Broderick has been paid all the back pay he is entitled to receive. Defendant contends

---

[1] Defendant has attached a Response to plaintiff's Statement of Material Issues not in Dispute as well as a proposed Order denying plaintiff's motion to this reply memorandum.

1

that it provided Mr. Broderick this relief in November 2006 when it paid him back pay for the period of January 15, 2005 to October 20, 2005.  It was on that latter date that Mr. Broderick was reinstated to a position at the Postal Service consistent with Arbitrator Gudenberg's September 2005 award.  However, Mr. Broderick refused to report to work and it is as a result of his failure to do so that he was not paid for the period of time after October 20, 2005 through the date of his subsequent reinstatement on March 12, 2007.

Plaintiff's opposition to defendant's motion for dismissal fails to refute the simple fact that Arbitrator Gudenberg's award in no way addressed Mr. Broderick's failure to report to the Bethpage facility and his subsequent termination.  And there is no language in either of Arbitrator Gudenberg's awards that required the Postal Service to pay him back pay for his deliberate refusal to report to work.  Therefore, the Court should find that defendant has paid Mr. Broderick all of the back pay he is entitled to receive and that the relief plaintiff seeks in its complaint has been rendered moot by the Postal Service's full compliance with the Gudenberg awards.  Furthermore, the Court should deny plaintiff's motion for summary judgment because the facts in this case do not support a finding that Mr. Broderick is entitled to any further relief.

## ARGUMENT

I. **DEFENDANT HAS ESTABLISHED THAT THIS MATTER HAS BEEN RENDERED MOOT BECAUSE MR. BRODERICK HAS BEEN PAID ALL OF THE BACK PAY HE IS ENTITLED TO RECEIVE.**

This action is now moot because Mr. Broderick has been reinstated to the Smithtown postal facility; he has received his seniority credit, and he has been paid all the back pay he was entitled to receive.  In opposing the Postal Service's motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), the American Postal Workers Union ("APWU" or "the

Union") contends that this action is not moot because the Postal Service has failed to pay Mr. Broderick the full back pay he is entitled to receive pursuant to the Gudenberg awards. According to the Union, this back pay should encompass the time during which Mr. Broderick failed to report to work as directed and the time during which he was terminated from employment. However, the irrefutable facts in this case establish that Mr. Broderick was only entitled to receive back pay through October 20, 2005, the date that he was ordered to report to the Bethpage facility. Thus, the Postal Service has fully complied with its obligations under the Gudenberg awards and has met its burden of establishing that this matter is moot.[2]

---

[2] The Union devotes over two pages discussing the standard of review applicable to the Postal Service's motion to dismiss on mootness grounds in which it contends that the Postal Service has the burden of establishing mootness. Yet the Union fails to highlight that "[o]nce a defendant has moved to dismiss a case pursuant to Rule 12(b)(1) [on mootness grounds], 'the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." Flores ex rel. J.F. v. District of Columbia, 437 F. Supp. 2d 22, 28-29 (D.D.C. 2006) (citation omitted). Plaintiff has not met its burden of establishing jurisdiction by a "preponderance of the evidence" in this case. Furthermore, plaintiff gives short discussion to the fact that the Court itself "has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority, which includes the obligation to consider mootness." Id. at 29 (internal citations and quotation marks omitted).

    In any event, the Postal Service has met its burden of establishing mootness in this case. As previously indicated, "[a]n intervening factual event may render a claim moot because the change in circumstances deprives the plaintiff of a present right to be vindicated . . . ." Vietnam Veterans of America v. Principi, No. Civ.A. 04-0103, 2005 WL 901133, at *3 (D.D.C. Mar. 11, 2005) (citation omitted). The Postal Service has established that the Union no longer has any rights to be vindicated in this action because it has been afforded all of the relief it is entitled to receive. Because the issue of the Court's jurisdiction is a preliminary matter that must be addressed prior to the merits, the Postal Service brought its motion pursuant to Fed. R. Civ. P. 12(b)(1) rather than Rule 56. See, e.g., Horn v. Department of the Army, 284 F. Supp. 2d 1, 5 (D.D.C. 2003) (noting that, "[a]s a preliminary matter," court was "compelled to address the issue of whether it [had] subject matter jurisdiction . . .").

> **A.      The Union Complied with Arbitrator Gudenberg's September 2005 Award Because that Award did not Require that Mr. Broderick be Reinstated to the <u>Smithtown Facility.</u>**

Despite the Union's belief to the contrary, <u>nothing</u> in Arbitrator Gudenberg's September 12, 2005, award required that Mr. Broderick be reinstated to a full-time distribution clerk position at the Smithtown facility. Rather, in his initial award, Arbitrator Gudenberg determined:

> [Mr. Broderick] is not to be reinstated as a window clerk. The Service and the Union, together with the grievant, are to find placement for him as a distribution clerk <u>or such other position that does not handle cash transactions as they may determine.</u>

Moresco Decl., Ex. A, at 1 (emphasis added).

Because Arbitrator Gudenberg's initial award did not require that Mr. Broderick be reinstated to the Smithtown facility, or that he be reinstated as a full-time distribution clerk, it is clear that the Postal Service implemented Arbitrator Gudenberg's September 12, 2005 decision as of October 20, 2005, the date it directed Mr. Broderick to report to the Bethpage facility. Moresco Decl. ¶ 3. Therefore, the Postal Service's payment of back pay to Mr. Broderick from the date of his first removal to the date of his reinstatement on October 20, 2005 (the date the Postal Service deems it implemented Arbitrator Gudenberg's award), was sufficient.

Try as hard as it might, there is nothing the Union can point to in Arbitrator Gudenberg's September 12, 2005 award that required the Postal Service to reinstate Mr. Broderick at the Smithtown facility as a full-time distribution clerk. And there is nothing to contradict the Postal Service's conclusion that it implemented Arbitrator Gudenberg's initial award as of October 20, 2005, the date it directed Mr. Broderick to report to work, which he failed to do.

  **B.**  **The Issue of Mr. Broderick's Failure to Report to Work and Subsequent Termination was Not Considered by Arbitrator Gudenberg's Supplemental Award And That Award Does Not Provide Mr. Broderick Back Pay for that <u>Period.</u>**

  Arbitrator Gudenberg's supplemental award issued on July 24, 2006 does not afford Mr. Broderick back pay for the period he was absent without leave ("AWOL") and terminated until he was later reinstated (October 20, 2005 through March 12, 2007). That issue was never before Arbitrator Gudenberg. Rather, Arbitrator Gudenberg's July 2006 award supplemented his initial award to the extent that it specifically required the Postal Service to reinstate Mr. Broderick at the Smithtown facility as a distribution clerk. However, at the time of the supplemental decision, Mr. Broderick was no longer employed with the Postal Service. Thus, he could not be reinstated to work at the Smithtown facility and Arbitrator Gudenberg did not, because he could not, order Mr. Broderick's reinstatement because the issue of Mr. Broderick's July 2006 termination was not before him.

  Indeed, aside from the issue of Mr. Broderick's placement and back pay, no other issues were presented to Arbitrator Gudenberg for his consideration in his supplemental award. Moresco Decl., Ex. B, at 6. Furthermore, to the extent the July 24, 2006 award addressed the issue of back pay, the only determination Arbitrator Gudenberg made was that Mr. Broderick "should quickly provide the [Postal] Service with the paperwork and data they were seeking [regarding processing his back pay payment] and that the Service should, upon receipt, rapidly process their back pay obligation." Moresco Decl., Ex. B, at 6.[3] Thus, the Union's belief that

---

[3]The Union fails to provide any explanation for this statement by Arbitrator Gudenberg. Specifically, if Arbitrator Gudenberg was awarding Mr. Broderick back pay until such time as he was reinstated to the Smithtown facility, it would not have been possible for the Postal Service to "rapidly" process its back pay obligation because such a payment could not be calculated until it

Arbitrator Gudenberg's supplemental award provides for the payment of back pay until March 12, 2007, the date Mr. Broderick was reinstated to the Smithtown postal facility as a distribution clerk, is illogical because Arbitrator Gudenberg did not address in any way Mr. Broderick's entitlement to back pay based on his AWOL status from October 2005 through July 2006, and his subsequent termination. Indeed that issue was never presented to Arbitrator Gudenberg. To agree with the Union's interpretation of the Gudenberg awards would require the Court to hold that Arbitrator Gudenberg's awards reached an issue that was not presented to him, and thus he exceeded the scope of his authority. See, e.g., Communications Workers of America, AFL-CIO v. American Telephone & Telegraph Co., 903 F. Supp. 3, 6 (D.D.C. 1995) (holding that arbitrator clearly exceeded the scope of his authority by addressing the issue of back pay, which had not been presented to him for determination and which was contrary to the terms of the parties' collective bargaining agreement). Clearly, because Arbitrator Gudenberg's awards never addressed the issue of Mr. Broderick's AWOL status and subsequent termination, these awards cannot be read to afford Mr. Broderick back pay for that period of time.

> C. **Arbitrator Holden Determined that Mr. Broderick was Not Entitled to Back Pay for the Period of October 20, 2005 through the Date of His Reinstatement.**

The issue of Mr. Broderick's failure to report to the Bethpage facility and his subsequent termination were resolved exclusively by Arbitrator Holden. Indeed, Arbitrator Holden specifically rejected the Union's argument that Mr. Broderick's notice of removal dated June 14, 2006 was barred by the principles of res judicata and collateral estoppel, and rejected the

---

was determined whether Mr. Broderick would be reinstated, given his termination that became effective July 16, 2006.

Union's notion that Arbitrator Gudenberg's supplemental award was dispositive of the issue regarding Mr. Broderick's July 2006 termination. Moresco Decl., Ex. C at 5-6. Thus, Arbitrator Holden clearly held that the Gudenberg award did not have any bearing on Mr. Broderick's termination based on his failure to report to the Bethpage facility. Id.

Arbitrator Holden addressed the issue of Mr. Broderick's failure to report to the Bethpage facility and his subsequent termination. Arbitrator Holden concluded that Mr. Broderick was not entitled to back pay for the period he was AWOL. Id. at 7. As explained by Arbitrator Holden, even if the Union and Mr. Broderick disagreed with the Bethpage placement, they had no justification for Mr. Broderick's complete failure to ever appear at the Bethpage facility. Id. at 6. Specifically, Arbitrator Holden concluded that:

> It is the act of not following management's instructions that is the subject of the instant grievance; the issue is not whether the instructions were in compliance with the Gudenberg award. The Service's charges that the grievant was AWOL and that he failed to follow instructions were not at any time before Arbitrator Gudenberg and were not, therefore, resolved by his 'Supplemental Award.' They are the charges before me and I find that they are <u>subsequent to and, therefore, separate from the issue raised in the grievance before Arbitrator Gudenberg.</u>

Id. (emphasis added). It was thus Mr. Broderick's failure to report to work that resulted in his failure to be paid for the time period between October 20, 2005 and March 12, 2007, the date of his reinstatement. See id. at 7 ("Had the grievant reported as instructed and filed a grievance in a timely fashion this matter could have been resolved months ago. The accepted practice is to obey an order in the moment and then grieve it. Obey now, grieve later. The grievant failed to follow the accepted practice and he failed to report for his assigned tour.").

The Union's arguments regarding the import of Arbitrator Holden's award are without

merit. First, the Union surmises that Arbitrator Holden declined to award back pay to Mr. Broderick because, "had she issued an award of back pay, it would have been redundant with Arbitrator Gudenberg's award." Pl.'s Mot. at 11. While creative, this reasoning is not set forth in Arbitrator Holden's award. Rather, the more logical basis for her denial of back pay to Mr. Broderick was her recognition that Mr. Broderick erred in failing to report to work as instructed and that he was not entitled to compensation based on his refusal to appear to work. Moresco Decl., Ex. C, at 7. This denial of back pay to Mr. Broderick for his AWOL status is equitable because it was his decision, not the Postal Service's, that kept him out of work. Clearly, because Arbitrator Holden's award is the only award that specifically addressed Mr. Broderick's AWOL status and subsequent termination, it is logical that only she would be able to afford Mr. Broderick back pay for that period.

     Next, the Union contends that for the Court to give meaning to the Holden award would in effect result in a conclusion that Arbitrator Holden acted beyond the scope of her authority by modifying the collective bargaining agreement. Pl.'s Mot. at 12. This is so according to plaintiff because "[i]t is a well-established principal of labor law that a final and binding arbitration award in accordance with the terms of the collective bargaining agreement becomes a part of that agreement[,]" and thus Arbitrator Gudenberg's award could not be "altered or amended by a subsequent arbitration decision." Id. However, plaintiff cites only a treatise for this proposition, and that treatise provides only that "awards <u>interpreting a collective bargaining agreement</u> usually become binding parts of the agreement . . . ." Id. (citation omitted). Yet, plaintiff does not explain what portion of Arbitrator Gudenberg's award related to the <u>interpretation</u> of the collective bargaining agreement. In any event, this issue is of no real significance because

Arbitrator Holden's award does not conflict with Arbitrator Gudenberg's award. Rather, Arbitrator Gudenberg's initial award addressed the issue of Mr. Broderick's initial termination on January 15, 2005, and his subsequent reinstatement. Arbitrator Gudenberg's supplemental award solely addressed the issue of Mr. Broderick's reinstatement to the Smithtown facility, again as a result of the January 15, 2005, termination. Arbitrator Gudenberg did not in any way address Mr. Broderick's subsequent termination on July 16, 2006. He therefore could not have addressed the issue of back pay for that period.

In summary, there is nothing in Arbitrator Gudenberg's initial award that precluded the Postal Service from implementing the award by placing Mr. Broderick in the Bethpage facility because Arbitrator Gudenberg's September 2005 award <u>did not require</u> that Mr. Broderick be returned to the Smithtown facility.[4]  Under the Union's circular reasoning, even if Mr. Broderick had been reinstated to the Smithtown facility, which was not required under Arbitrator Gudenberg's initial award, Mr. Broderick would still be entitled to back pay for any period of time that <u>he</u> refused to show up to work. But that is not the result Arbitrator Gudenberg reached. Contrary to the Union's assertion, if the Court is to give <u>full</u> meaning to both Arbitrator Gudenberg's and Arbitrator Holden's awards, it must reject the Union's contention that Mr. Broderick is entitled to full back pay for the entire period that he was AWOL and terminated from employment with the Postal Service, issues that were solely resolved by Arbitrator Holden.

---

[4]Indeed, despite the Union's contention that Mr. Broderick "did not accept the Postal Service's offer . . ." to work at the Bethpage facility, in reality it appears Mr. Broderick requested a delay in the time he was to report there because he was working at other employment, and when those requests were denied, he just failed to appear for work. Moresco Decl., Ex. C, at 2.

## II. THE UNION IS NOT ENTITLED TO SUMMARY JUDGMENT.

### A. Standard of Review.

"Summary judgment may be granted only if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" Arrington v. United States, 473 F.3d 329, 333 (quoting and citing Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S.242, 247 (1986)). As the moving party, the Union bears the "initial burden of demonstrating the absence of a genuine issue of material fact." Banks v. District of Columbia, 377 F. Supp. 2d 85, 88 (D.D.C. 2005). Furthermore, in considering summary judgment, the Court is required to "'assume the truth of all statements proffered by the party opposing summary judgment' and construe all evidence in favor of the non-moving party." Id. (citations omitted); see also Arrington, 473 F.3d at 333.

Plaintiff here has failed to satisfy its burden because the pleadings and evidentiary materials fail to support its claim that it is entitled to any further relief.

### B. Plaintiff Has Failed to Establish that Mr. Broderick is Entitled to Additional Back Pay.

The Union cannot establish, as a matter of law, that Mr. Broderick is entitled to any back pay beyond the period of January 15, 2005 through October 20, 2005. As stated above, Arbitrator Gudenberg never made such an award; and Arbitrator Holden, the only arbitrator to address the issue of Mr. Broderick's AWOL status and termination (the period of October 2005 through his reinstatement on March 12, 2007), concluded that back pay was not to be granted as part of Mr. Broderick's reinstatement. Moresco Decl., Ex. C, at 7.

Although in support of its motion for summary judgment the Union provides an interesting discussion of the federal policy that supports enforcement of labor arbitration awards,

(Pl.'s Mot. at 14-15), it does nothing to establish its entitlement to summary judgment. Indeed, in the four and a half pages devoted to its argument in support of its motion for summary judgment, the Union has presented no argument to the Court that compels the conclusion that Mr. Broderick is entitled to back pay during the period he was AWOL and terminated from employment with the Postal Service. Accordingly, summary judgment is not warranted in the Union's favor and its motion should be denied.

Nor are any of the Union's arguments opposing the Postal Service's interpretation of Arbitrator Gudenberg's awards meritious. The Union contends that the Postal Service "has presented no meaningful defense to its failure to comply with the [Gudenberg award,]" and notes that the Postal Service did not seek to vacate Arbitrator Gudenberg's award within 90 days and thus is "barred from raising any affirmative defense to its failure to comply with the award." Id. at 16 (citation omitted). Yet, raising an argument concerning the interpretation of an arbitration award is not an affirmative defense that the Postal Service is barred from raising. Nor does the Postal Service seek to vacate Arbitrator Gudenberg's award. Rather, the Postal Service contends that it has in fact fully complied with Arbitrator Gudenberg's awards and that the current dispute before the Court has been mooted by this compliance. Thus, plaintiff's argument is nothing more than a red herring designed to divert the Court's attention from the issue presented in this case – i.e., whether the Postal Service's actions have mooted plaintiff's instant suit. And, aside from its discussion of the federal policy supporting enforcement of labor arbitration awards, plaintiff presents nothing further that would support the entry of summary judgment in its favor. Rather, the facts in this case support a finding that plaintiff has received all of the relief it is entitled to receive and therefore this Court lacks jurisdiction over the claims in the complaint.

**CONCLUSION**

For the reasons set forth above, defendant requests that this Court deny plaintiff's motion for summary judgment and dismiss the complaint in this matter.

Dated: June 8, 2007

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Dennis E. Szybala
United States Postal Service
National Employment Litigation Unit
475 L'Enfant Plaza, S.W.
Washington, DC 20260

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES POSTAL SERVICE, )<br>)<br>Defendant. ) | Civil Action No.: 07-0178 (RMC) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rules 7.1(h) and 56.1, Defendant, the United States Postal Service ("the Postal Service"), hereby responds to Plaintiff's Statement of Material Facts as to Which There is no Genuine Dispute.

1. Defendant does not dispute this statement of fact.

2. Defendant does not dispute this statement of fact.

3. Defendant does not dispute this statement of fact.

4. Defendant does not dispute this statement of fact.

5. Defendant does not dispute this statement of fact, however, defendant states that Arbitrator Gudenberg's award speaks for itself.

6. Defendant disputes this fact to the extent that the Postal Service did engage in discussions with the Union concerning Mr. Broderick's placement. When agreement could not be reached, the Postal Service directed Mr. Broderick to report to the Bethpage, New York facility on October 20, 2005, which Mr. Broderick failed to do. Exhibit 1, Declaration of

Andrew J. Moresco dated May 3, 2007 ("Moresco Decl.") ¶¶ 3-4.[1]

7. Defendant contends that this fact is not a material issue of fact.

8. Defendant states that the Union's <u>belief</u> that Mr. Broderick's placement at the Bethpage facility was not in compliance with Arbitrator Gudenberg's September 12, 2005 award is not a material issue of fact.

9. Defendant disputes the statement that Mr. Broderick did not accept the Postal Service's offer to return to work under these circumstances. In fact, Mr. Broderick asked that he be granted a two to six week delay prior to reporting to Bethpage because he was working at other employment, which was denied. Moresco Decl., Ex. C (Arbitrator Holden's decision), at 2.[2]

10. Defendant does not dispute this statement of fact.

11. Defendant does not dispute this statement of fact.

12. Defendant disputes this fact to the extent that the Postal Service did not offer Mr. Broderick any position other than a part-time flexible position in order to protect the seniority rights of other employees as provided for in the parties' collective bargaining agreement. Moresco Decl., Ex. B, at 4.

13. Defendant does not dispute this statement of fact, however this fact is not a material issue of fact.

---

[1] Unless otherwise indicated, references to exhibits are those that were previously submitted in support of the Postal Service's motion to dismiss.

[2] Although the Union cites to the Moresco declaration, that declaration merely states, in part, that "Mr. Broderick did not report to the Bethpage facility on October 20, 2005 or at any time thereafter[,]" and does not support the Union's argument that Mr. Broderick did not <u>accept</u> the Postal Service's offer. In fact, as noted above, it appears that Mr. Broderick requested that he be granted additional time in which to report to the Bethpage facility because he had obtained other employment. His request was denied. Moresco Decl., Ex. C, at 2.

14. Defendant does not dispute this statement of fact.

15. Defendant does not dispute this statement of fact.

16. Defendant does not dispute that the Postal Service issued a notice of termination to Mr. Broderick on July 16, 2007. Defendant disputes the Union's statement that this action was "highly unusual . . . ." Defendant states that the notice to Mr. Broderick charged him with being absent without leave since he failed to report to the Bethpage facility as directed by the Postal Service.

17. Defendant does not dispute this statement of fact.

18. Defendant does not dispute this statement of fact, however, defendant states that Arbitrator Gudenberg's award speaks for itself.

19. Defendant does not dispute that Arbitrator Gudenberg quoted selected portions of his prior September 12, 2005 decision and that in doing so, he quoted the statement from his prior award that Mr. Broderick was to be "reinstated with back pay, less any other compensation received, from January 15, through the implementation of this decision." Moresco Decl., Ex. B, at 2, 5. Defendant further states that Arbitrator Gudenberg's award speaks for itself.

20. Defendant disputes this statement of fact to the extent that it indicates that the Postal Service willfully failed to comply with Arbitrator Gudenberg's July 24, 2006 supplemental award. Rather, because Mr. Broderick had been removed from employment for his complete failure to report to work as directed, "no further action was possible or appropriate to implement the Gudenberg awards." Moresco Decl. ¶ 6. Furthermore, the Postal Service had implemented Arbitrator Gudenberg's prior award when it reinstated Mr. Broderick to work at the Bethpage facility. Id. ¶ 3.

21. Defendant does not dispute the fact that, as of January 26, 2007, the date the

Union filed this lawsuit, the Postal Service had not reinstated Mr. Broderick to a full-time distribution clerk position at the Smithtown Post Office.  However, this was the result of Mr. Broderick having been terminated effective July 16, 2006.  Id.

22. Defendant disputes this statement of fact to the extent it indicates that Mr. Broderick was entitled to receive any additional back pay aside from that paid to him for the period of January 15, 2006 through October 20, 2005.

23. Defendant contends that the fact that the Union does not consider this payment of back pay to be in full compliance with Arbitrator Gudenberg's awards is not a material issue of fact because it is a subjective belief held by the Union.

24. Defendant does not dispute this statement of fact.

25. Defendant does not dispute this statement of fact.  Defendant notes that Arbitrator Holden's award speaks for itself.

26. Defendant does not dispute this statement of fact.

27. Defendant does not dispute this statement of fact.


Dated: June 8, 2007
          Respectfully submitted,

            /s/ Jeffrey A. Taylor
          JEFFREY A. TAYLOR, D.C. BAR # 498610
          United States Attorney

            /s/ Rudolph Contreras
          RUDOLPH CONTRERAS, D.C. BAR #  434122
          Assistant United States Attorney

            /s/ Michelle N. Johnson
          MICHELLE N. JOHNSON, D.C. BAR # 491910
          Assistant United States Attorney
          United States Attorney's Office

                    Civil Division
                    555 4th Street, N.W. – Room E4212
                    Washington, D.C. 20530
                    (202) 514-7139

                    COUNSEL FOR DEFENDANT

Of Counsel:

Dennis E. Szybala
United States Postal Service
National Employment Litigation Unit
475 L'Enfant Plaza, S.W.
Washington, DC 20260

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **AMERICAN POSTAL WORKERS UNION, AFL-CIO**, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 07-0178 (RMC) |
| **UNITED STATES POSTAL SERVICE**, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This matter having come before the Court on Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment, and the relevant oppositions and replies thereto, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Dckt. Entry #7] is hereby **GRANTED.** It is further

**ORDERED** that Plaintiff's Motion for Summary Judgment [Dckt. Entry #10] is hereby **DENIED.** It is further

**ORDERED** that the complaint is dismissed.

**SO ORDERED** on this _____ day of _____, 200__.

_____
ROSEMARY M. COLLYER
United States District Judge