UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 06-00934 (RJL) |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Comes now plaintiff, American Postal Workers Union, AFL-CIO ("Union") in reply to defendant United States Postal Service's ("Postal Service") Opposition to the Union's motion for summary judgment.

In its opposition to the Union's motion for summary judgment, the Postal Service has offered no additional factual allegations, but merely reiterates its claim that it has complied with Arbitrator Gudenberg's awards to the extent it deemed necessary. In roughly ten pages of argument, the Postal Service has cited to a single case that does nothing to further its position. Beyond this one reference, the brief is completely lacking in any legal authority to support its arguments. Moreover, the arguments presented ignore the basic tenents of federal precedent applicable to suits to enforce labor arbitration awards.

The Postal Service's main argument is based on the assertion that it complied with Arbitrator Gudenberg's initial September 2005 award by offering grievant Christopher Broderick

a part time position on a different shift, at the Bethpage facility.  Def.'s Opp. at 4.[1]  Incredibly, it asserts that "...there is nothing to contradict the Postal Service's conclusion that it implemented Arbitrator Gudenberg's initial award as of October 20, 2005, the date it directed Mr. Broderick to report to work, which he failed to do."  Id.  This claim is brave, but ignores the fact that Arbitrator Gudenberg issued a supplemental award in July of 2006 finding that the Postal Service had yet to comply with his initial September 2005 award.  Had the Postal Service in fact complied with the initial award, there would have been no need for the parties to return to Arbitrator Gudenberg for enforcement and no need for the arbitrator to issue a supplementary award directing the Postal Service to return Mr. Broderick to the Smithtown facility with back pay and full seniority credit.  Thus, the Postal Service's claim that there is "nothing to contradict" its conclusion that, as of October 2005, it had complied with the initial award is utterly false and unsupported by the record.

Next, the Postal Service claims that Arbitrator Gudenberg did not consider the question of whether the Postal Service properly terminated Mr. Broderick in July of 2006 and that his July 2006 award does not address back pay for the period encompassing October 2005 through March of 2007.  Def.'s Opp. at 5. The Postal Service claims that Arbitrator Gudenberg "could not[] order Mr. Broderick's reinstatement because the issue of Mr. Broderick's July 2006 termination was not before him."  Id.

In response, the Union does not argue that the issue of Mr. Broderick's subsequent termination was before Arbitrator Gudenberg.  It did not have to be before him for him to decide

---

[1] The Postal Service's brief actually says that "The Union Complied with Arbitrator Gudenberg's September 2005 Award..."  Def.'s Opp. at 4.  The Union assumes that this is a typographical error and the Postal Service intended to assert its own compliance with that award.

whether the Postal Service had complied with his initial September 2005 award and what the Postal Service must do in order to comply with that award. In this supplemental award, Arbitrator Gudenberg found that the Postal Service had not yet complied with his September 2005 award. He made explicitly clear that in order to do so, it must reinstate Mr. Broderick to a position as a distribution clerk at the Smithtown facility. Declaration of Peter Coradi ("Coradi Dec.") at ¶ 13 and Ex. C attached thereto (hereinafter "Gudenberg II") at 1.

To the extent the Postal Service claims that the arbitrator lacked authority to issue this decision, this claim involves a challenge to the arbitrability of the underlying grievance. This is the first time that the Postal Service has alleged that the question before Arbitrator Gudenberg in July of 2006 was not arbitrable.[2] If this is what the Postal Service is arguing, it is too late for such arguments. As the Union pointed out in its primary brief, the Postal Service has exceeded the allowable time to challenge the validity of either of Arbitrator Gudenberg's awards and may not now raise such arguments in defense of a suit to vacate. See Plaintiff's Mem. in Supp. of Its Mot. for Summ. J. at 16. In any event, even if timely alleged, there could be no serious challenge to Arbitrator Gudenberg's authority to decide whether the Postal Service had just cause to

---

[2] The Postal Service claims that, to the extent Arbitrator Gudenberg ordered the Postal Service to return Mr. Broderick to work, he acted beyond the scope of his authority. Def.'s Opp. p. 6. In support of this proposition, the Postal Service cites to Communication Workers of America, AFL-CIO v. American Telephone & Telegraph Co., 903 F. Supp. 3, 6 (D.D.C. 1995). This case is inapplicable, however, because in that case the arbitrator issued an award that was in direct conflict with the specific terms of the parties collective bargaining agreement. Id. In the instant matter, the Postal Service has never alleged that Arbitrator Gudenberg's supplemental award directing it to return Mr. Broderick to the Smithtown facility was in conflict with any specific term of the parties' collective bargaining agreement. The Union does not dispute that an arbitrator's award that failed to draw its essence from the collective bargaining agreement or that was in sharp conflict with the parties' agreement would be unenforceable. This is simply not the case here and therefore, the Postal Service's cited authority does not support its position in the instant matter.

terminate Mr. Broderick in January 2005 and, in the absence of just cause, to determine an appropriate remedy.

The Postal Service also claims that "to the extent the July 24, 2006 award addressed the issue of back pay, the only determination that Arbitrator Gudenberg made" was that Mr. Broderick should promptly return administrative paperwork and, upon receipt, the Postal Service should promptly process its back pay obligation.[3]  This claim blatantly disregards the language of the award itself: "The grievant is to be returned to work at the Smithtown postal facility as a distribution clerk **and is entitled to back pay and seniority credit for the reasons more fully discussed in the complete decision**."  Coradi Dec. at ¶ 13 and Ex. C attached thereto at 1 (emphasis added).  Further, Arbitrator Gudenberg quoted his earlier decision, including the provision for "back pay, less any other compensation received, from January 15, **through the implementation of this decision.**"  Id. at 2 (emphasis added).  Clearly, Arbitrator Gudenberg adopted by reference his earlier discussion of Mr. Broderick's back pay entitlement.  He did not limit it or modify it, but adopted it in total, including the applicable time span of the back pay award.  As such, there was no need for him to specifically discuss a particular period of time that fell completely within the time span of his initial award.  The award covered from January 15, 2005, through however long it took the Postal Service to finally implement the award by

---

[3] The Postal Service notes that the Union did not address the significance of this comment by the arbitrator.  Def.'s Opp. at 5, n. 3.  The Union did not address this comment because it is not significant to this dispute.  The Union does not dispute that when in fact the Postal Service ever reinstated Mr. Broderick as directed by the award, it would be appropriate for him to promptly submit his paperwork and for the Postal Service to promptly process that paperwork.  The comment had no bearing on the length of time for which the Postal Service is required to pay back pay under Arbitrator Gudenberg's award.  The requirement for Mr. Broderick to submit paperwork would have been triggered by his proper reinstatement whenever that took place.

reinstating Mr. Broderick as a full time distribution clerk at the Smithtown facility. Therefore, the award's coverage included October 2005 through Mr. Broderick's reinstatement in March of 2007.

Next, the Postal Service makes the incredible claim that: "Arbitrator Holden clearly held that the Gudenberg award did not have any bearing on Mr. Broderick's termination based on his failure to report to the Bethpage facility." Def.'s Opp. at 7. In view of the language of Arbitrator Holden's award, this is a curious position to take. Arbitrator Holden specifically stated in bold text in her award: "The grievant shall be reinstated in accordance with the findings of the July 24, 2006 Gudenberg Supplementary Award." Thus, not only did she hold that Arbitrator Gudenberg's supplemental award had bearing on the instant case, she adopted it in her final decision and award.

The Postal Service nevertheless prefers a contorted reading of the two arbitrators' awards. This reading requires the Court to find that, despite her explicit adoption of the supplemental Gudenberg award, Arbitrator Holden implicitly vacated that portion of Arbitrator Gudenberg's award that provided back pay to Mr. Broderick until such time as the Postal Service implemented the award by placing him in a full time position at the Bethpage facility. The Postal Service further challenges the Union's assertion that Arbitrator Gudenberg's previous final and binding awards had become part of the collective bargaining agreement. Def.'s Opp. at 8. It makes this claim by offering the following statement in reference to the Union's cited authority: "... plaintiff does not explain what portion of Arbitrator Gudenberg's award related to the <u>interpretation</u> of the collective bargaining agreement." Id. (emphasis in original).

This is yet another odd claim. If Arbitrator Gudenberg was not interpreting the collective

5

bargaining agreement, then his two awards would be unenforceable:

> An arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement.

Cole v. Burns International Security Service, 105 F.3d 1465, 1474 (D.C. Cir. 1997) (quoting United Steelworkers of America v. Enterprise Wheel, 363 U.S. 593, 597 (1960)).  Few subjects could be more decidedly within an arbitrator's jurisdiction under the collective bargaining agreement than the question of whether an employee was terminated for just cause and, if not, what should be the appropriate remedy.  The Postal Service does not explicitly claim that Arbitrator Gudenberg's award was unenforceable because it did not involve interpretation of the contract, but, as noted above, even if the Postal Service were to make such a claim, the time within which a claim would be considered timely has elapsed.

      The Postal Service claims that the Union is not entitled to summary judgment enforcing Arbitrator Gudenberg's awards because the Union has not established that Mr. Broderick is entitled to any additional back pay.  Def.'s Opp. at 10.  The Postal Service cites no authority in support of its argument that, despite the clear mandate of Arbitrator Gudenberg's July 2006 supplemental award, neither that award nor its predecessor had any binding effect after October of 2005.  Further, it offers nothing to distinguish the enormous weight of federal precedent favoring the enforcement of labor arbitration awards.

      In order for the Court to find that the Union is not entitled to summary judgment, first it must find that Arbitrator Holden clearly modified Arbitrator Gudenberg's awards by reducing the period of back pay set forth in those awards.  Second, it must find that she possessed the

authority to partially vacate the final and binding decision of an earlier arbitrator. In short, the Court must find that Arbitrator Holden's award made Arbitrator Gudenberg's award unenforceable to the extent it provided for back pay until such time as the Postal Service complied by placing Mr. Broderick in the specified position.

The Court need not ascribe to this unlikely argument. Instead, it may give meaning to all of the awards. Arbitrator Holden faced the issue of whether the Postal Service had properly terminated Mr. Broderick in July of 2006. She found that it had not. She declined to award additional back pay, but instead adopted Arbitrator Gudenberg's award that required the Postal Service to reinstate Mr. Broderick to a full time position at the Smithtown facility and to pay him back pay until such time as it installed him in that position. This reading honors all three awards and does not require the Court to find that Arbitrator Holden had the authority to vacate an earlier arbitrator's decision and that she in fact did so.

For these reasons and for the reasons set forth in greater detail in the Union's brief in opposition to the Postal Service's motion to dismiss and in support of the Union's motion for summary judgment and based on the record as a whole, the Union respectfully requests that this Court deny the Postal Service's motion to dismiss and grant the Union's motion for summary judgment.

Date: June 15, 2007                Respectfully submitted,

                                        O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                        By:      /s/: Brenda C. Zwack
                                            Brenda C. Zwack (D.C. Bar No. 482673)
                                            1300 L Street, N.W., Suite 1200
                                            Washington, DC  20005-4178
                                            (202) 898-1707  /  FAX (202)682-9276

                                      *Attorneys for the American Postal Workers Union, AFL-CIO*

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment was sent by First Class Mail, postage prepaid, and by the Court's electronic case filing system to:

>Michelle N. Johnson
>Assistant United States Attorney
>Office of the U.S. Attorney for the District of Columbia
>555 Fourth Street, N.W., Room E-4212
>Washington, DC  20530
>michelle.johnson@usdoj.gov

June 15, 2007                                      /s/ Brenda C. Zwack
                                                   Brenda C. Zwack