**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **AMERICAN POSTAL WORKERS UNION, AFL-CIO,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**UNITED STATES POSTAL SERVICE,**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action No. 07-178 (RMC)**<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Two parties to a collective bargaining agreement disagree over whether the employer, the United States Postal Service ("USPS"), has fully complied with an arbitrator's decision. Finding that USPS owes the grievant additional money, the Court will deny its motion to dismiss and grant in part the motion for summary judgment filed by the American Postal Workers Union, AFL-CIO ("Union").

**I.  BACKGROUND**

The instant lawsuit has its origins in the discharge of USPS employee Christopher Broderick on January 15, 2005, for alleged misappropriation of funds and other financial improprieties. At the time of his discharge, Mr. Broderick held a position as a full-time regular window clerk at the Smithtown, New York, postal facility. Pl.'s Statement of Material Facts As To Which There is No Genuine Dispute ("Pl.'s Facts") ¶ 3. Through the Union, Mr. Broderick grieved his discharge and the matter came on for a hearing before Arbitrator Henry R. Gudenberg pursuant to the grievance and arbitration clauses of the applicable collective bargaining agreement. *Id.* ¶¶ 4-5.

On September 12, 2005, Arbitrator Gudenberg rendered an award holding that Mr. Broderick was

> [t]o be reinstated with back pay, less any other compensation received, from January 15, [2005], through the implementation of this decision. However, he is not to be reinstated as a window clerk. The [USPS] and the Union, together with the grievant, are to find placement for him as a distribution clerk or such other position that does not handle cash transactions as they may determine.

Def.'s Mem. Ex. 1, Ex. A ( 2005 Arbitration Award) at 1. Arbitrator Gudenberg retained jurisdiction to resolve any difficulties with implementation of his decision. *Id.*

On October 20, 2005, USPS restored Mr. Broderick's full seniority rights and directed him to report to work in a part-time flexible position as a distribution clerk at the Bethpage Logistics and Distribution Center. Pl.'s Facts ¶ 6. Part-time flexible employees are not guaranteed any more than four work hours per week. *Id.* ¶ 7. The Union did not consider this offer to be in compliance with the arbitration award, and Mr. Broderick did not appear for work at the Bethpage facility at that time or any other time. *See id.* ¶¶ 8-9. On July 16, 2006, USPS noted Mr. Broderick as absent without leave ("AWOL") since October 20, 2005, and, for this reason, discharged him again. *Id.* ¶ 16. The Union timely grieved this second termination. *Id.* ¶ 17.

In the meantime, however, the Union had contacted Arbitrator Gudenberg and asked him to determine whether USPS's decision to offer only a part-time position to Mr. Broderick was consistent with the 2005 Arbitration Award. *Id.* ¶¶ 10-15. Arbitrator Gudenberg held a hearing on this issue on July 17, 2006, the day after Mr. Broderick had been discharged for the second time. *Id.* ¶ 15. In a decision dated July 24, 2006, Arbitrator Gudenberg determined that Mr. Broderick was to be returned to work as a full-time distribution clerk in Smithtown and that he was "entitled to back pay and seniority credit for the reasons more fully discussed in the complete decision." Def.'s Mem.

Ex. 1, Ex. B (Grudenberg Suppl. Award) at 1.  Arbitrator Gudenberg also noted that Mr. Broderick

had not supplied USPS with the information it needed to process his backpay award and therefore

ordered him to "quickly provide the [USPS] with the paperwork and data they were seeking" and

ordered USPS, "upon receipt, [to] rapidly process their back pay obligation."  *Id.* at 6.

Despite Arbitrator Grudenberg's Supplemental Award, USPS took the position that it could

not reinstate Mr. Broderick because he had been terminated for being AWOL, although it did pay

him backpay for the period between January 15, 2005 (the date of his initial termination) and

October 20, 2005 (the date he was offered the part-time position at the Bethpage facility).  Pl.'s Facts

¶¶ 20, 22.  As a result of USPS's refusal to implement Arbitrator Gudenberg's Supplemental Award,

the Union filed this lawsuit in January 2007.  *Id.* ¶ 21.

In February 2007, shortly after the Union filed this action, the grievance challenging

Mr. Broderick's July 16 discharge came on for hearing before Arbitrator Sarah Cannon Holden, who

issued an award dated February 26, 2007.  Def.'s Mem. Ex. 1, Ex. C (2007 Arbitration Award).

Finding that "[i]t is the act of not following management's instructions" to report to Bethpage for

work "that is the subject of the instant grievance," Arbitrator Holden determined that the grievance

before her was not resolved by either of Arbitrator Gudenberg's decisions.  *Id.* at 6.

At that point, the Arbitrators' analyses diverged.  Arbitrator Gudenberg had excused

Mr. Broderick's failure to provide requested information to compute his backpay because "there was

a great deal of confusion over his reinstatement and job offers and advice he had been given."

Grudenberg Suppl. Decision at 6.  He ordered reinstatement to Smithtown and full backpay.  *Id.*

Arbitrator Holden, on the other hand, applied the labor law maxim, "work now, grieve later" and

held that Mr. Broderick should have returned to work in the part-time position as directed and filed

a grievance concerning its hours and location. 2007 Arbitration Award at 7 ("The accepted practice is to obey an order in the moment and then grieve it. Obey now, grieve later."). However, Arbitrator Holden concluded that termination was improper and ordered USPS to reinstate Mr. Broderick in accordance with Arbitrator Grudenberg's Supplemental Decision, although she concluded that "[t]here shall be no award of back pay associated with the instant grievance." *Id.* In compliance with Arbitrator Holden's award, USPS reinstated Mr. Broderick to a full-time regular distribution clerk position at Smithtown effective March 12, 2007, with full seniority. Pl.'s Facts ¶ 26.

On May 5, 2007, USPS moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) on the grounds that it has now provided all the relief to which Mr. Broderick is entitled under the various arbitration awards, thereby rendering this lawsuit moot. The Union opposes the motion and has filed a cross-motion for summary judgment in which it concedes that Mr. Broderick has received most of the relief to which he is entitled but argues that USPS still owes him backpay for the period from October 20, 2005, through March 12, 2007. Those motions have been fully briefed and are now ripe for decision.

## II.  LEGAL STANDARDS

### C.    Rule 12(b)(1)

Under Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction. *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Because

"subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties

can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339

F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*,

456 U.S. 694, 702 (1982)). It is well established that, in deciding a motion to dismiss for lack of

subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but

may also consider material outside of the pleadings in its effort to determine whether the court has

jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138,

142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001). Because

mootness is a jurisdictional defect, an action that has been rendered moot may be dismissed under

Rule 12(b)(1). *See Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005).

B.      **Rule 56**

Under Federal Rule of Civil Procedure 56, summary judgment must be granted when

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v.

Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Summary judgment is properly granted against a

party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To determine which facts are

"material," a court must look to the substantive law on which each claim rests. *Anderson*, 477 U.S.

at 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III. ANALYSIS

Inasmuch as Mr. Broderick is working in a fulltime position in Smithtown and has his full seniority restored, the only open question is whether USPS owes him additional backpay for any time period between October 20, 2005, and March 12, 2007. The Court finds that it does.

Mr. Broderick was ordered reinstated with full backpay in the 2005 Arbitration Award. USPS failed to comply and offered only a part-time flexible position in a different location. In his Supplemental Decision, Arbitrator Gudenberg expressly found that USPS failed to comply and ordered it to reinstate Mr. Broderick with full backpay. USPS again failed to comply. Arbitrator

Holden then ordered USPS to reinstate Mr. Broderick "in accordance with the findings of the July 24, 2006 Grudenberg Supplementary Award," although she concluded that there would be no award of backpay. 2007 Arbitration Award at 7. USPS finally restored him to work with full seniority in March 2007.

The only way to harmonize the arbitration awards is to require USPS to pay backpay to Mr. Broderick for the period from his July 16, 2005 (second) discharge until the date of the 2007 Arbitration Award which relieved USPS from a backpay obligation. Once Arbitrator Gudenberg's Supplemental Award issued, USPS had a running obligation to pay backpay to Mr. Broderick. USPS wanted to test the validity of its July 16, 2006, discharge of Mr. Broderick for being AWOL, which it did before Arbitrator Holden. The discharge was not sustained. While Arbitrator Holden could disallow backpay because Mr. Broderick did not obey the instruction to return to work, she could not retroactively eliminate USPS's obligation to pay backpay arising from an entirely different grievance. Her decision could only terminate USPS's ongoing backpay obligation.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss filed by USPS will be denied. The motion for summary judgment filed by the Union will be granted in part. USPS will be ordered to pay backpay to Mr. Broderick, less any other compensation received, for the period between July 16, 2006, and February 26, 2007, the date of the 2007 Arbitration Award. A memorializing order accompanies this Memorandum Opinion.

DATE:  October 5, 2007                           _____/s/_____
                                                 ROSEMARY M. COLLYER
                                                 United States District Judge